UNITED STATES v. CHU CHEE et al.

(District Court, D. Oregon. May 6, 1898.)

No. 4,304.

1. RIGHTS OF CHINESE TO REMAIN IN THIS COUNTRY—CERTIFICATE AS EVIDENCE.
While, in all cases of entering the United States, and in the case of laborers within the country when the act requiring registration was passed, the official certificate is indispensable, and the sole evidence of the right to enter or remain, in all other cases the status of the person at the time the inquiry is made may be shown by any affirmative proof satisfactory to the judge, justice, or commissioner before whom he is taken.

2. SAME—CHILDREN OF LABORER ADMITTED AS STUDENTS—ACQUIRING STATUS.
Where children of a Chinese laborer are lawfully permitted to enter this country as students, and thereafter remain continually in the public and private English schools of the country, they thereby acquire the status of students, and the occupation of the father is not imputable to them.

John H. Hall, U. S. Atty., and Charles J. Schnabel, Asst. U. ↳. Atty.

BELLINGER, District Judge. This is a proceeding for the deportation of two Chinese boys, aged, respectively, 13 and 15 years. The father of the boys is a laundryman, residing at Eugene City, in this state, where he has followed his vocation for several years. The boys were landed in this country on May 11, 1896, at Port Townsend, in the district of Washington, as students entitled to land under the Chinese immigration laws. Upon being landed, they went at once to Eugene City, where they have since resided, engaged in "attending school continually in the public and private schools" of that city. They have made rapid progress in their studies, speak good English, and appear to be very intelligent.

The act of May 6, 1882, as amended, provides that Chinese persons other than laborers, who may be entitled to come within the United States, shall obtain the permission of and be identified as so entitled by the Chinese government or such other foreign government of which at the time such Chinese person shall be a subject, in each case to be evidenced by a certificate in the English language, issued by such government, showing such permission, with the name and signature of the permitted person, and stating the individual, family, and tribal name in full, title or official rank, if any, the age, height, and all physical peculiarities, former and present occupation or profession, place of residence, etc. This certificate is required to be viséed by the consular agent of the United States at the port of embarkation. So far as appears, there was in this case no certificate by the Chinese government, as required by this law. The only certificate now in defendants' possession is that of the American consul at Hong Kong, by which it is assumed they were enabled to embark at that port, and to effect their landing on arrival in the district of Washington.

It is contended on the part of the United States that the certificate required by the act of 1882 is the sole evidence permissible, not only to establish a right of entry into the United States, but to

establish a lawful right to remain here; and, furthermore, that the status of the father as a laborer attaches to his sons under age. Section 6 of the act referred to provides with reference to the certificate referred to that it "shall be prima facie evidence of the facts set forth therein, and shall be produced to the collector of customs of the port in the district in the United States at which the person named therein shall arrive," and afterwards produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; but said certificate may be controverted and the facts therein stated disproved by the United States authorities. Section 12 of the same act provides as follows:

"That no Chinese person shall be permitted to enter the United States by land without producing to the proper officer of customs the certificate in this act required of Chinese persons seeking to land from a vessel. And any Chinese person found unlawfully within the United States shall be caused to be removed therefrom to the country from whence he came, and at the cost of the United States, after being brought before some justice, judge, or commissioner of a court of the United States and found to be one not lawfully entitled to be or to remain in the United States."

The act of May 5, 1892, continued in force for a period of 10 years the prior acts regulating the entry of Chinese persons in this country, and it provided further, among other things, "that any Chinese person or person of Chinese descent arrested under the provisions of that or the extended acts shall be adjudged to be unlawfully within the United States, unless such person shall establish, by affirmative proof, to the satisfaction of such justice, judge, or commissioner his lawful right to remain in the United States."

It will be noticed that, in all cases of landing here provided for, a certificate is indispensable as evidence of the right; and in the case of laborers within the country at the date of the passage of the act requiring registration, as evidence of the fact that they were within the country when the act was passed, they are required to procure a certificate of registration; and, when a laborer is arrested for deportation, the failure to have such a certificate, unless within some of the excuses allowed by the act, is conclusive against his right to remain and compels his deportation. Now, it is significant that while these statutes in express terms make a certificate the sole evidence permissible of the right to land, and in the case of laborers the sole evidence of the right to remain in the country, yet in all other cases of deportation it is permissible for the person arrested to establish, by affirmative proof, to the satisfaction of the justice, judge, or commissioner his lawful right to remain in the United States. These different provisions of the statute cannot be construed to mean the same thing. If it was intended that the certificates provided for are to be the sole evidence of the right to remain in the United States, it must be presumed that the statute would not have restricted their conclusive effect as evidence to the right to land, much less would it have permitted the person arrested for deportation, by a special provision, to establish by affirmative proof, to the satisfaction of the justice, judge, or commissioner, his

lawful right to remain in the United States. It is evident that these different provisions are intended to require such evidence as the circumstances of the different cases permit. For instance, the status of a Chinese person entitling him to land must be antecedent to his arrival in the country, and therefore a certificate of the government from which such person comes is required to prove such status. The status of the defendants as students must be determined with reference to the time when the inquiry is made, and, when an opportunity has been afforded to acquire such a status within the country, there is no reason why it may not be shown by any competent evidence. If the right of a Chinese person to remain within the United States is made to depend upon the production of evidence entitling him to land, such person, subsequently becoming a laborer, would be able to resist deportation successfully by showing that he was a student at the time he landed in the country, although such a result would defeat the object of the statute.

The undisputed facts in this case are that these two boys are now, and for nearly two years and since their arrival within the country have been, students in the English schools of Eugene City, and that this has been their sole vocation. Under these circumstances, they are entitled to be classed as students. The occupation of the father cannot be imputed to the children, against a status thus acquired. Such a status does not depend upon ancestry or family relation. The application to remand is denied, and the defendants are ordered discharged.